IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRC TIRE SALES, LLC, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-13-1539 | |
| § | | |
| TRIPLE S TIRE COMPANY, INC., § | | |
| *et al.*, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 30] filed by Plaintiffs TRC Tire Sales, LLC ("TRC") and PSI Logistics International, LLC ("PSI"), to which Defendant Triple S Tire Company, Inc. ("Triple S") filed a Response [Doc. # 32], and Plaintiffs filed a Reply [Doc. # 36].[1] Having reviewed the record and relevant legal authorities, the Court **denies** the Motion.

## **I.     BACKGROUND**

TRC purchased 32 tires from Defendant Mining Global Corp. ("Mining Global") for $664,000.00. Defendant Triple S asserts that 26 of the 32 tires actually

---

[1]  Defendant filed Objections [Doc. # 37] to Plaintiffs' Reply, arguing that Plaintiffs raised new issues and relied on evidence not included in the Motion. Plaintiffs filed a Response [Doc. # 38], and Defendant filed a Reply [Doc. # 39]. The Objections are **overruled** as moot.

belong to it and did not belong to Mining Global when it purported to sell these 26 tires (the "Tires") to TRC. Plaintiffs allege that Mining Global has ownership rights in the Tires by transfer from V&V OTR Tyres Worldwide ("V&V"), which entered into an agreement to purchase the Tires from Triple S for $741,000.00. Victor Gallegos is the corporate representative for both Mining Global and V&V. Mining Global was formed shortly before receiving the Tires from V&V, and had not engaged in any prior business. There is evidence in the record that Mining Global paid only $175,000.00 to V&V for the Tires.

Mining Global delivered the Tires to PSI, and PSI delivered the Tires to the St. George Warehouse ("Warehouse") in Pasadena, Texas. The Warehouse refuses to release the Tires to either party until this dispute is resolved.

## II.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

Where the movant bears the burden of proof at trial on the issues at hand, as is the case here, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them

must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

## III.  ANALYSIS

Plaintiffs seek summary judgment on their declaratory judgment claim, in which they seek a declaration that TRC is the rightful owner of the Tires. Plaintiffs argue that Triple S failed to perfect a security interest in the Tires and, therefore, Triple S had no ownership rights in the Tires after it transferred possession to V&V. Triple S argues in response, and has presented evidence, that the sale of the Tires to V&V was pursuant to a Conditional Sale Agreement[2] under which Triple S retained title to the Tires, notwithstanding transfer of possession, until V&V made the final payment.[3] Based on the Conditional Sale Agreement, Triple S argues that no other perfected security interest was required in order to retain ownership of the Tires after possession was transferred to V&V. Genuine issues of material fact preclude summary judgment on these matters.

---

[2]  The Conditional Sale Agreement is contained in a work order dated January 17, 2013, ten days after the January 7, 2013, date of the sale of the Tires from Triple S to V&V. Triple S has presented evidence that the work order was prepared on January 7, 2013, and that the "January 17, 2013" date is a typographical error. This evidence raises a genuine issue of material fact as to whether the work order with the Conditional Sale Agreement was prepared before the tires were sold and transferred by Triple S to V&V.

[3]  Triple S has asserted and presented evidence that V&V has failed to pay for the Tires.

TRC argues further that it was a bona fide purchaser for value of the Tires. Triple S responds, and has presented evidence, that the transfer of the Tires from V&V to Mining Global, a newly-formed company that had conducted no business prior to receiving the Tires from V&V, was a sham transaction designed to allow V&V to sell the Tires without paying Triple S for them. Triple S has presented evidence that raises a genuine issue of material fact regarding whether TRC was on notice that the transaction between V&V and Mining Global was a sham and, therefore, does not qualify as a bona fide purchaser for value. Genuine facts in dispute preclude summary judgment as to whether TRC was a bona fide purchaser of the Tires.

In its Reply, TRC argues that it has superior title to the Tires because Mining Global purchased the Tires from V&V in the ordinary course of business, and TRC purchased the Tires from Mining Global in the ordinary course of business. A buyer "in the ordinary course of business" is defined as:

> a person that buys goods in good faith, without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course from a person . . . in the business of selling goods of that kind. A person buys goods in the ordinary course if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller's own usual or customary practices.

TEX. BUS. & COM. CODE § 1.201(9). The evidence in the record raises a genuine issue of material fact regarding whether TRC and/or Mining Global had knowledge that the sale of the Tires violated Triple S's rights in the goods. There is also a genuine issue of material fact regarding whether Mining Global was "in the business of selling goods of that kind" and had "usual or customary practices" when it had never engaged in any business prior to the receipt of the Tires from V&V and the transfer of the Tires to TRC. As a result, summary judgment on this issue is denied.

The parties in this case have presented evidence that places in dispute many elements that must be proven. These genuine issues of material fact preclude entry of the partial summary judgment Plaintiffs request.

## IV.    CONCLUSION AND ORDER

This case is replete with genuine issues of material fact. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment [Doc. # 30] is **DENIED**.

SIGNED at Houston, Texas, this 28th day of **August, 2014.**

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge