IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRC TIRE SALES, LLC, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-1539 |
| § | | |
| TRIPLE S TIRE COMPANY, INC., § | | |
| *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Reconsideration ("Motion") [Doc. # 44] filed by Plaintiffs TRC Tire Sales, LLC ("TRC") and PSI Logistics International, LLC ("PSI"), to which Defendant Triple S Tire Company, Inc. ("Triple S") filed a Response [Doc. # 45], and Plaintiffs filed a Reply [Doc. # 47]. Having reviewed the record and relevant legal authorities, the Court **denies** the Motion.

## I.    BACKGROUND

TRC purchased 32 tires from Defendant Mining Global Corp. ("Mining Global") for $664,000.00. Defendant Triple S asserts that 26 of the 32 tires actually belong to it and did not belong to Mining Global when it purported to sell these 26 tires (the "Tires") to TRC. Plaintiffs allege that Mining Global has ownership rights in the Tires by transfer from V&V OTR Tyres Worldwide ("V&V"), which entered into an agreement to purchase the Tires from Triple S for $741,000.00. The Triple

S Work Order and Invoice for the sale of the Tires to V&V includes a "Conditional Sales Agreement" paragraph providing that Triple S retained title to the Tires until the last payment was made.

Victor Gallegos is a former employee of V&V, which is owned by his father. Gallegos is the founder of Mining Global, which was formed shortly before it received the Tires from V&V. Mining Global had not engaged in any business before receiving the Tires from V&V. There is conflicting evidence in the record regarding whether Mining Global paid more than $175,000.00 to V&V for the Tires.

Mining Global delivered the Tires to transporter PSI, and PSI delivered the Tires to the St. George Warehouse ("Warehouse") in Pasadena, Texas. The Warehouse refuses to release the Tires to either party until this dispute is resolved.

## II.     STANDARD FOR RECONSIDERATION

Rule 59(e) of the Federal Rules of Civil Procedure permits a litigant to file a motion to alter or amend a judgment within 28 days after the entry of the judgment. FED. R. CIV. P. 59(e). Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d

360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)).

### III.  ANALYSIS

Plaintiffs challenge the Court's Memorandum and Order [Doc. # 42] denying the Motion for Partial Summary Judgment.  Plaintiffs first challenge the statement in the "Background" section that "Victor Gallegos is the corporate representative for both Mining Global and V&V."  It appears that Plaintiffs incorrectly believe that the Court was treating Gallegos as the official corporate representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  The Court, however, was identifying Gallegos factually as a representative of V&V and Mining Global in dealings between the two entities, and between those entities and Triple S.  The Court did not reach the question regarding whether or not Gallegos's testimony would be binding on V&V and/or Mining Global.  Plaintiffs are not entitled to reconsideration of this statement as explained herein.

Plaintiffs challenge also the statement in the "Background" section that "[t]here is evidence in the record that Mining Global paid only $175,000.00 to V&V for the Tires." In support of their Motion, Plaintiffs cite to evidence in the record that Mining Global paid more than $175,000.00 for the Tires. The existence of conflicting evidence does not extinguish the evidence referred to by the Court in the Memorandum and Order. Indeed, based on the existence of conflicting evidence in the record, the Court did not invite a Motion for Summary Judgment from Defendants. Plaintiffs are not entitled to reconsideration of this statement.

Plaintiffs' final challenge is to the Court's denial of their Motion for Partial Summary Judgment based on evidence presented by Triple S that its sale of the Tires to V&V was pursuant to a Conditional Sales Agreement under which Triple S retained title to the Tires, notwithstanding transfer of possession, until V&V made the final payment.[1] The Court was aware of this evidence and did not hold as a matter of law that the Conditional Sales Agreement prevented transfer of title to V&V upon transfer of possession; the Court concluded only that the evidence creates a genuine issue of material fact about when and if title to the Tires transferred from Triple S to V&V.

---

[1] The Conditional Sales Agreement provides that "it is understood that title to said merchandise remains in the name of [Triple S] until the last payment is made according to the conditions on . . . the contract." *See* Work Order, Exh. 12 to Response to Motion for Partial Summary Judgment [Doc. # 32].

This issue must be resolved by the trier of fact. Plaintiffs have not demonstrated that the challenged statement was a manifest error of law or fact and, as a result, they are not entitled to reconsideration.

## IV.     CONCLUSION AND ORDER

The Court notes again that this case is replete with genuine issues of material fact. On that basis, the Court previously denied Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs have failed to demonstrate that they are entitled to reconsideration of that conclusion pursuant to Rule 59(e) and, therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for Reconsideration [Doc. # 44] is **DENIED**. The case remains scheduled for docket call on January 5, 2015, and the parties are required to mediate their dispute prior to that date.

SIGNED at Houston, Texas, this **15th** day of **October, 2014.**

_____
Nancy F. Atlas
United States District Judge